372 So.2d 864 (1979)
Billie G. MATHIS et al.
v.
GENERAL ELECTRIC CORPORATION et al.
CER 18.
Supreme Court of Alabama.
July 6, 1979.
R. Ben Hogan, III and Hogan, Smith & Alspaugh, Birmingham, for Seymour L. Ellison.
Bibb Allen of London, Yancey, Clark & Allen, Birmingham, and Alson R. Kemp, Jr. and Michael H. Salinsky, of Pillsbury, Madison & Sutro, San Francisco, Cal., for appellee, Western Elec. Co., Inc.
James H. Porter, of Cleary, Lee, Porter, Evans & Rowe, Huntsville, for appellee, General Elec. Corp.
BLOODWORTH, Justice.
Pursuant to the Alabama Constitution, Art. 6, § 140, as amended by Amendment No. 328, § 6.02(b)(3), the United States Court of Appeals for the Fifth Circuit has certified to this Court a question of law which that court deems determinative of an appeal before it and on which there was, at *865 the time, no clear controlling precedent in the decisions of this Court.
The plaintiffs filed suit for damages in the district court for eye injuries allegedly caused by exposure to radiation from radar equipment. The claims are for negligence or strict liability. The latest time that any of the plaintiffs was exposed was 1969, and the latest date any one of them discovered his condition was allegedly January 5, 1972. Suit was filed on November 30, 1973.
The Question Certified is as follows:
"Assuming that each plaintiff discovered his cataract condition on the date that he testified he discovered it, as set out above, does the Alabama statute of limitations bar his action?"
We accepted the certification. Subsequently, we answered this very question in Garrett v. Raytheon, 368 So.2d 516 (Ala. 1979) where we held that the statute of limitations for injuries suffered as a result of radiation exposure begins to run when the plaintiff is last exposed to the radiation.
The Question Certified is answered in the affirmative; therefore, the plaintiffs' claims are barred by Code 1975, § 6-2-39(a)(5).
CERTIFIED QUESTION ANSWERED.
TORBERT, C. J., and MADDOX, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
FAULKNER and JONES, JJ., concur specially.
FAULKNER, Justice (concurring specially).
I concur specially.
The case is distinguishable from my dissent in Garrett v. Raytheon, 368 So.2d 516 (Ala.1979) because Mathis discovered his injuries more than one year before he filed suit.
JONES, J., concurs.